```
             IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF ALABAMA
                      SOUTHERN DIVISION

CHERYL L. CARLSEN,              }
                                }
     Plaintiff,                 }
                                }   CIVIL ACTION NO.
v.                              }   07-AR-0574-S
                                }
ORKIN, INC.,                    }
                                }
     Defendant.                 }
```

## MEMORANDUM OPINION AND ORDER

The court has before it the motion of plaintiff, Cheryl L. Carlsen, for leave to amend her complaint to add two defendants, and the motion of defendant, Orkin, Inc., to strike Carlsen's supporting brief or for leave to file a second opposition brief. For the reasons that follow, Carlsen's motion will be denied and Orkin's motion will be denied in part and granted in part.

## Facts

On March 29, 2007, Carlsen filed her complaint against Orkin, her former employer, alleging that it violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, on the basis of gender discrimination, hostile work environment, sexual harassment, and retaliation. The original complaint also named as individual defendants, Rich Morris and James Earl Thomas. As non-employers, Morris and Thomas are not subject to suit under Title VII. Carlsen included state law claims of assault, battery, and invasion of privacy against all three defendants, claiming that her non-federal claims arose out

of the same nucleus of operative fact as her Title VII claim, triggering supplemental jurisdiction under 28 U.S.C. § 1367.

With the Rule 4(m) 120 day deadline for serving Morris and Thomas fast approaching, Carlsen sought an extension. The court granted Carlsen's request, ordering that Morris and Thomas be served on or before July 27, 2007.

On June 18, 2007, Orkin served on Carlsen its first discovery requests and its initial disclosures, which identified Morris and Thomas as potential defense witnesses and expressly provided addresses for both. On July 27, 2007, the deadline to effect service, Carlsen filed a motion to dismiss her actions against Morris and Thomas without prejudice. She did not request another extension of the Rule 4(m) deadline. The court granted Carlsen's motion and dismissed the action without prejudice as against Morris and Thomas on July 30, 2007.

Also on July 30, 2007, the court, in response to the parties' planning meeting report, issued a scheduling order ordering that Carlsen amend, if at all, by August 7, 2007 and add parties, if at all, by October 1, 2007. The October 1, 2007 provision for adding parties was an obvious mistake by the court. Parties cannot be **added** except by **amendment**. The conflicting deadlines cannot be understood except as an error by the court. Frankly, it never occurred to the court that parties who had been dismissed could be reintroduced by amendment. Just as frankly,

this court thought that Carlsen had wisely realized that her claims against Morris and Thomas, which are not barred by the statute of limitations, could be more advantageously tried separately in a state court.  This makes as much sense now as it made then.

On August 7, 2007, Carlsen filed her present motion for leave to amend.  She says she now thinks she has the correct addresses of Morris and Thomas.  The court placed Carlsen's motion on its August 17, 2007 motion docket after ascertaining that it was opposed by Orkin.  At 6:14 p.m. on August 16, 2007, the day before the motion docket, Carlsen filed a brief in support of her motion for leave to amend.  On August 17, 2007, Orkin filed a motion to strike Carlsen's brief and, alternatively, for leave to reply to it.  Because neither party had requested oral argument, the motions were not called for argument at the motion docket, and instead were taken under advisement without oral argument.

## **Analysis**

*I.  Orkin's Motion to Strike Carlsen's August 16, 2007 Brief*

In its August 17, 2007 motion, Orkin asks the court not to consider Carlsen's August 16, 2007 brief because it was filed after the 3:30 p.m. deadline for filing briefs as specified in this court's routine motion docket notice to parties.  Orkin argues that Carlsen was unpardonably tardy when she filed her

brief at 6:14 p.m. on August 16.  The notice placing this case on the August 17 motion docket did provide that papers filed after 3:30 p.m. would not be considered "**at the hearing**."  A "hearing" was not requested in this case and was not held.  The order upon which Orkin relies is designed to keep the court from having to listen to oral argument that involves materials that the court has had no opportunity to read.  That is not the case here.  And, even if it were, the court is not bound to ignore a brief that is filed three hours late.  Thus, the court will consider Carlsen's brief and Orkin's response to it.

>   *II.  Carlsen's Motion for Leave to File an Amended Complaint Naming Morris and Thomas as Defendants*

Carlsen points out that this court's scheduling order of July 30, 2007 grants her the right to amend on or before August 7, 2007, (and, strangely, to add parties on or before October 1, 2007) and thus that she filed her motion within the deadline. Carlsen reiterates the argument inherent in her original complaint that because the state law claims against Morris and Thomas arose out of the same circumstances as those relied upon in her suit against Orkin, all claims should be tried together in the name of judicial economy.  She also says that if this court denies her motion, she will only file suit against Morris and Thomas in state court, a duplication of effort.  This is exactly what the court thought Carlsen would do when she dismissed her action against Morris and Thomas without prejudice.  Finally,

4

Carlsen asserts, as she must, that Orkin, Morris and Thomas will not be prejudiced if Morris and Thomas are now added, because discovery is in its early stages.

The court would deny Carlsen's motion even if it were not strenuously opposed by Orkin. There are several reasons for this.

As Orkin points out, on June 18, 2007, well before the 120 day period and its extension to July 27, 2007, the time allotted by Rule 4(m), Carlsen had been furnished the street addresses of Morris and Thomas. She did nothing with this information except to dismiss her action against them. This could hardly be described as "due diligence." It is easy for Carlsen to baldly assert that her proposed amendment will prejudice no one. It is just as easy to assert that the proposed amendment will foster judicial economy. The court disputes both of these assertions.

First, any delay in the final disposition of any case arguably harms the defendant. Some defendants, of course, crave delay, but Orkin seemingly is not in this category.

Second, if, after Carlsen voluntarily eliminated Morris and Thomas from the case, she is allowed to bring them back in at this late date (certainly a unique, if not an unheard-of, procedural circumstance), and if Carlsen is now successful in serving one or both of them under a newly running Rule 4(m) time limit, they will be afforded the right not only to file motions

to dismiss under Rule 12(b)(6), but only after they have filed answers, will a new parties' planning meeting be required. Meanwhile, discovery will be interrupted.  It is inevitable that the present Rule 26 schedule will have to be altered to accommodate the interests of Morris and Thomas.

Third, if Morris and Thomas are added, counsel who now appear for Orkin will not be allowed to represent the newly added individuals because of the obvious conflict-of-interest.  In other words, if and when new parties and new lawyers appear in the case, particularly considering the potential scheduling conflicts between lawyers, extensions of the deadlines for dispositive motions and for a final pretrial conference are inevitable.

Fourth, Carlsen, in her motion, alleges in Paragraph 6: "Defendants Morris and Thomas are essential to Plaintiff's claims of hostile work environment and sexual harassment."  This is a facially spurious contention.

Last, but far from least, the addition of Morris and Thomas will in all likelihood occasion a severance or a bifurcation of the case in order to avoid evidentiary problems and the jury confusion that would otherwise be caused by a complicated set of jury instructions and special interrogatories attempting to differentiate the importantly different issues as between Carlsen and Orkin and the issues between Carlsen and Morris and/or

Thomas.  The chances for a mistrial and for reversible error will be drastically magnified if Morris and Thomas are made parties  If this is judicial economy, it is a high risk saving.

## **Conclusion**

For the foregoing separate and several reasons, and in an exercise of this court's discretion, Carlsen's motion for leave to amend to add Morris and Thomas is DENIED.  Orkin's motion for leave to strike Carlsen's brief is DENIED.  Orkin's alternative motion for leave to reply is GRANTED.

ORDERED this 24th day of August, 2007.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE